## SUPREME COURT.

JOHN FAIRBANKS agt. PATRICK TREGENT, JR., impleaded, &c.

The provision in § 399 of the Code is general; it permits the examination of a party the same as any other witness. This necessity places him in the same position as any other person to be examined in reference to time, manner and in every other respect.

Therefore, *held*, that a non-resident defendant might, on his own application, have a *commission* for the examination of himself and other non-residents on his own behalf.

*Kings Special Term, April,* 1858.

THE defendant was a resident of the state of Michigan, and an application was made by him for the examination of himself and other non-residents of this state, on his own behalf. No notice of the intended examination of the plaintiff at the trial had been given, and it was insisted by him, that under such circumstances a commission could not issue for the examination of the defendant on his own behalf.

WM. TRACY, *for plaintiff.*
L. K. MILLER, *for defendant.*

LOTT, Justice. It is provided by section 399 of the Code, as amended in 1857, that a party to an action or proceeding, may be examined as a witness in his own behalf, the same as any other witness, on previous notice, except in certain cases; the defendant is a resident of Michigan, and it is conceded that

this is a case in which he can be examined on the trial. The provision is general, it permits the examination of a party *the same* as any *other* witness. This necessarily, in my opinion, places him in the same position as any other person, to be examined, in reference to time, manner and in every other respect, and consequently authorizes him to be examined conditionally or under a commission, as well as on the trial. There is certainly nothing in its terms restricting such examination to the *trial*, and I cannot discover any reason in the spirit or policy of the act which requires such a construction. It is true that there is a subsequent provision in the same section which declares that when a notice of such intended examination of a party is given in an action in which the opposite party shall reside out of the jurisdiction of the court, such party may be examined by commission, issued and executed as now provided by law. That is entirely disconnected with the portion of the section first quoted, and while it may be difficult to discover the necessity of this last provision, yet that does not warrant a construction of a clause general in its terms, so as to limit it to a certain class of cases only. I think, however, that the provisions are not necessarily inconsistent. As a general rule, a party can only be examined on a previous notice given by himself of such intended examination; but whenever a party or person in interest has been examined under the provisions of this section, the other party or person in interest may offer himself as a witness in his own behalf, and shall be so received. As, however, a party residing out of the jurisdiction of the court, may not be able to be personally present to avail himself of that right, the privilege of taking his examination under a commission is given to him on receiving a notice of the intended examination of his adversary, without demanding a compliance with the requisitions of law necessary to authorize the examination of other persons in such manner.

After a full examination of the question, which was ably discussed by counsel, I have concluded that the commission must be awarded directing the examination of the defendant, as well as the other persons named in the notice of motion.